IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| SUZANNE Q. LITTLE, Individually and as Personal Representative of the Estate of SAMUEL MARTIN LITTLE, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BROWN & WILLIAMSON TOBACCO CORPORATION, Individually and as successor by merger to THE AMERICAN TOBACCO COMPANY, and R.J. REYNOLDS TOBACCO COMPANY,<br><br>Defendants. | Civil Action No. 2-98-1879-23<br>Hon. P. Michael Duffy<br><br><br><br><br><br><u>**ORDER SCHEDULING<br>CERTAIN PRETRIAL ISSUES**</u> |

On Tuesday, August 8, 2000, I held an informal conference with counsel for all parties to discuss certain pretrial issues. As a result of those discussions, the Court will enter the within Order, clarifying and supplementing the Court's Order of August 3, 2000 and setting forth certain procedural deadlines.

### JURY SELECTION PROCEDURES

1. A special jury panel will be drawn for the purpose of this case only.

2. In accordance with the provisions of Local Rule 47.02, the parties must submit the jury questionnaire which they propose to mail to that panel no later than <u>August 14, 2000</u>. The questionnaire may incorporate any questions from the Court's standard jury questionnaire, which will not be submitted to this special panel. The proposed questionnaire



(252)

shall be submitted to the Court both in hard copy and on computer disk. It will be duplicated and sent to the prospective juror panel with the jury summons.

3. The completed juror questionnaires will be available for pickup from Broad Street Printing in Charleston, South Carolina on September 13, 2000.

4. The parties shall meet and prepare a joint list of jurors whom they feel should be struck for cause, giving reasons for each strike. This list must be submitted to the Court on or before September 20, 2000.

5. In accordance with Local Rule 47.04, the Court shall conduct the examination of prospective jurors. Counsel shall submit a list of proposed voir dire questions to the Court, and serve copies upon counsel, no later than September 22, 2000.

6. Jury selection will take place at 10:00 a.m. on Monday, September 25, 2000, and continue on Tuesday, September 26, 2000, if needed.

## WITNESSES AND EXHIBITS

7. The pre-trial disclosures of witnesses and exhibits required by Rules 26(a)(3)(A) and (C), FRCP, shall be made by September 1, 2000, or within five (5) business days after the Court rules upon the defendants' pending Motions for Summary Judgment, whichever is the later date. An original and one (1) copy of each such disclosure shall be filed with the Court and copies served upon counsel.

## EXCERPTS FROM DEPOSITIONS AND FORMER TESTIMONY
## TO BE OFFERED AT TRIAL

8. By September 7, 2000, or within five (5) business days after the Court rules upon the defendants' pending Motions for Summary Judgment, whichever is the later date, counsel shall furnish to the Court and all opposing counsel the excerpts from depositions



and former trial testimony (by page and line number), which they expect to introduce at trial, as required by Rule 26(a)(3)(B), Federal Rules of Civil Procedure.

9. No later than seven (7) days thereafter, counsel for any adverse party shall counter-designate to the Court and all opposing counsel any additional excerpts from the depositions and former trial testimony (by page and line number) which they expect to be read pursuant to Rule 32(a)(4), Federal Rules of Civil Procedure, as well as any objections (by page and line number) to opposing counsel's designations.

10. With reasonable notice to the Court and opposing counsel, counsel may introduce any other parts of such depositions and former trial testimony, pursuant to Rule 32(a)(4), FRCP.

11. This Order is not intended to and does not restrict trial counsel's use of depositions in examining witnesses.

## MOTIONS IN LIMINE

12. Motions in Limine must be filed by <u>September 18, 2000</u>. If the same or substantially similar motions have been decided by other courts, the decisions or orders from those courts shall be filed with the motions.

13. Written responses to each Motion in Limine shall be filed no later than <u>September 25, 2000</u>.

## PROPOSED VERDICT FORMS AND JURY INSTRUCTIONS

14. Any and all proposed verdict forms and jury instructions are to be submitted in accordance with this Court's Order of February 21, 1996, a copy of which is attached hereto as Exhibit A. Samples of proposed instructions are available in the Clerk's Office.



15. As required by Paragraph (a) of that Order, the parties are directed to serve their proposed verdict forms and requests to charge upon opposing counsel by September 1, 2000, or within five (5) business days after the Court rules upon the defendants' pending Motions for Summary Judgment, whichever is the later date. The joint and disputed supplemental instructions and verdict forms discussed in Paragraph (b) must be submitted to the Court fourteen (14) days thereafter.

## ADDITIONAL PRE-TRIAL CONFERENCES AND HEARINGS

16. The Court will hold a pre-trial conference on Thursday, September 21, 2000 at 10:00 a.m., at a location to be designated by the Court. The parties shall prepare a Joint Proposed Pretrial Order to submit to the Court at the pre-trial conference.

17. The parties shall furnish the Court with the trial briefs required by Local Rule 83.V.01 on Friday, September 22, 2000.

18. On Wednesday, September 27th and, if necessary, on Thursday, September 28th, the Court will conduct hearings on such pending Motions in Limine as may be designated for oral argument, any objections to proposed voir dire questions, any objections to depositions or portions thereof which any party proposes to utilize at trial, and any other matters which the Court may select.

## TRIAL AND TRIAL PROCEDURES

19. The trial of the case will begin at 10:00 a.m. on Monday, October 2, 2000.

20. The Court anticipates that trial will ordinarily begin at 9:30 a.m. each day, except for Mondays, when it will begin at 10:00 a.m. The lunch hour will be from approximately 1:00 p.m. to 2:30 p.m. Ordinarily, the Court will recess the trial at



approximately 5:30 p.m. each day, except for Fridays, when the Court anticipates recessing for the weekend at midday.

21. Counsel for each party presenting its case-in-chief shall make a good faith effort to notify opposing counsel forty-eight (48) hours in advance of the witnesses it expects to call and the exhibits it intends to introduce each day.

## MISCELLANEOUS

22. For the convenience of the Court and counsel, a chronological list of the deadlines set forth in the within order is attached hereto as Exhibit B.

23. This Order is intended to facilitate the efficient disposition of the trial of this action, as required by Rule 16, FRCP. It shall control pre-trial and trial procedures, to the extent that it addresses them. As to any other matter, the Federal Rules of Civil Procedure and the Local Rules of this Court shall control, except as otherwise ordered by the Court.

AND IT IS SO ORDERED.

_____
Patrick Michael Duffy
United States District Judge

CHARLESTON, S.C.
August 14th, 2000